**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE VELEZ, | 05 Civ. 0537 (RCC) |
| Petitioner, | |
| - against - | MEMORANDUM & ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**RICHARD CONWAY CASEY, United States District Judge:**

Jose Velez ("Petitioner"), who was convicted of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) in August 2002, filed this motion pursuant to 28 U.S.C. § 2255, alleging that his Sixth Amendment right to confront the witnesses against him was violated by the filing of the initial criminal complaint in this case; that the jury's verdict in the trial against him was not unanimous; and that his trial and appellate counsel were, for various reasons, ineffective. Petitioner moves to vacate, set aside, or correct his sentence of 120 months' imprisonment and three years' supervised release. For the following reasons, Petitioner's motion is **DENIED**.

**I.     BACKGROUND**

On August 23, 2001, Petitioner was charged in a criminal complaint with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On August 8, 2002, a jury unanimously found Petitioner guilty of that charge. Petitioner appealed the conviction without success. See United States v. Velez, 354 F.3d 190 (2d. Cir. 2004). In his § 2255 motion, filed January 14, 2005, Petitioner alleges that his Sixth Amendment right to confront the witnesses against him was somehow implicated by the filing of the initial criminal complaint against

him; that the jury that convicted him did not reach a unanimous verdict; that his trial counsel was ineffective for failing to secure Petitioner's consent to proffer sessions with the Government and Speedy Trial Act waivers before trial or to the stipulation of his prior felony conviction at trial, failing to fully investigate Petitioner's case by taking advantage of discovery aids or compelling testimony by certain witnesses (thereby depriving Petitioner of potentially exculpatory testimony and evidence), failing to request an in camera hearing, failing to request a "spoliation of the evidence" jury instruction, and failing to file post-trial motions; and that his appellate counsel was ineffective for failing to raise all possible issues on direct appeal.

## II. DISCUSSION

Collateral relief under 28 U.S.C. § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law and fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

### A. Many of Petitioner's Claims are Procedurally Barred

Section 2255 cannot be used to entertain questions that could have been raised on direct appeal or to relitigate claims that actually were raised on direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal."); Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) ("A motion under § 2255 is not a substitute for an appeal."); Barton v. United States, 791 F. 2d 265, 267 (2d Cir. 1986) (per curiam) (holding that § 2255 "may not be employed to relitigate questions which were raised and considered on direct appeal"). Petitioner's claims regarding the criminal complaint against him and the unanimity of the jury verdict against him are procedurally barred because they could have been raised on direct appeal but were not. Petitioner's claim regarding his involvement in proffer sessions with the

2

Government is procedurally barred because that claim has already been addressed on direct appeal.

> 1. **Petitioner's Claims Regarding the Criminal Complaint and Jury Unanimity are Procedurally Barred Because They Could Have Been Raised on Direct Appeal But Were Not**

Although Petitioner's claims regarding the Government's criminal complaint and the unanimity of the jury verdict were not raised on direct appeal, they could have been presented for consideration at that time. When a habeas petitioner fails to raise a claim on direct appeal, the claim is considered procedurally defaulted and thus ineligible for collateral review in a subsequent § 2255 proceeding unless the petitioner "can first demonstrate either 'cause' [for the procedural default] and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted); Riascos-Prado v. United States, 66 F.3d 30, 35 (2d. Cir. 1999) ("As a general rule, if a defendant fails to raise a claim on direct appeal, he is barred from advancing it in a subsequent § 2255 petition unless he can show cause for his procedural default and actual prejudice resulting from the error.").[1]

Petitioner could have argued on appeal that his Sixth Amendment right to confront the witnesses against him was violated by the filing of the initial criminal complaint in this case, but he made no such argument on appeal. Petitioner's argument, in sum, is that the Government's criminal complaint violated his Sixth Amendment right of confrontation because it relied, in establishing probable cause for Petitioner's arrest, on an affidavit that contained statements made by Special

---

[1] To the extent that Petitioner argues that the "cause" of his failure to raise his Sixth Amendment and jury-unanimity arguments on appeal is ineffective assistance of his appellate counsel, it should be noted that "[a]ttorney error . . . does not amount to 'cause' for a procedural default unless the error rises to the level of constitutional ineffectiveness." Rosario-Dominguez v. United States, 353 F. Supp. 2d 500, 508 (S.D.N.Y. 2005) (citing Coleman v. Thompson, 501 U.S. 722, 752-55 (1991)). For the reasons set forth in Part II.B, infra, Petitioner's ineffective-assistance-of-appellate-counsel argument fails (i.e., it does not meet the threshold for constitutional ineffectiveness).

Agent Robert Berger of the Bureau of Alcohol, Tobacco, and Firearms in violation of Crawford v. Washington, 541 U.S. 36 (2004). Petitioner has shown neither cause for his failure to so argue on appeal nor prejudice resulting therefrom such that this claim may be eligible for collateral review. The Government never sought to introduce the criminal complaint or affidavit against Petitioner at trial, nor did the Government call Special Agent Berger as a witness at trial. Crawford involved the Sixth Amendment right of confrontation at trial, and "there is no right to 'confront' witnesses upon whom police rely in obtaining probable cause." United States v. Brown, 322 F. Supp. 2d 101, 105 (D. Mass. 2004). No prejudice arises for failure to raise a claim as baseless as this, as Petitioner has simply suffered no Sixth Amendment violation. Petitioner's counsel had a full opportunity to confront all three of the eyewitnesses to Petitioner's crime—that is, the three New York City Police Department officers who saw Petitioner pull a gun from his waistband, heard the sound of metal hitting pavement, and then recovered a firearm from the ground where Petitioner had been standing—and each of those witnesses was cross-examined extensively at trial.

Likewise, Petitioner could have argued on appeal that the jury's verdict in the trial against him was not unanimous, but he made no such argument on appeal. Petitioner has shown neither cause for this failure to argue nor prejudice resulting therefrom such that this claim may be eligible for collateral review. As Petitioner is aware, on August 8, 2002, a panel of reasonable jurors, after considering all of the evidence against Petitioner, unanimously convicted him of violating 18 U.S.C. § 922(g)(1). Each juror was polled and each juror concurred in the guilty verdict. (See Aug. 8, 2002 Tr. at 224-26.) Petitioner bases his argument on an affidavit of one of the jurors, received in November 2002 (three months after the jury verdict was entered), which claimed that "important issues which may have established reasonable doubt" were not "fully discussed" by the jury ("Rosen

4

Affidavit"). This Court addressed the Rosen Affidavit when it denied Petitioner's application for a new trial, which was based on the Rosen Affidavit. (See Dec. 16, 2002 Tr. at 2-4.) The Court notes again, as it did in December 2002, that there was no allegation contained in the Rosen Affidavit that there was any improper extraneous information or influence on the jury deliberations in Petitioner's trial. (See id.) A juror may not impeach her own verdict after the verdict is returned. Fed. R. Evid. 606(b); Tanner v. United States, 483 U.S. 107, 117, 121 (1987). Accordingly, the jury decision remains unanimous.

Finally, to the extent that Petitioner argues that he is actually innocent, Petitioner has failed to demonstrate "actual innocence" so as to overcome the procedural defaults of his criminal-complaint and jury-unanimity claims so as to make them eligible for collateral review. "To establish actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner has not demonstrated that no reasonable juror would have convicted him. A panel of reasonable jurors did just that on August 8, 2002. Petitioner has not only "recanted his claims of innocence . . . and admitted facts pertinent to . . . the charged offense . . . that he owned and possessed the firearm that the officers found on the ground near him," Velez, 354 F. 3d at 192, he has further alluded to his culpability by "apologiz[ing] for mistakes" (Gov't Br., Ex. A (quoting a February 2004 letter from Petitioner offering to cooperate with the Government)).

Because Petitioner failed to raise his Sixth Amendment confrontation and jury-unanimity claims on direct appeal and cannot demonstrate cause, prejudice, or actual innocence, he is procedurally barred from asserting these claims under this § 2255 petition.

5

### 2. Petitioner's Claim Regarding His Proffer-Session Waiver is Procedurally Barred Because that Claim Has Already Been Addressed on Direct Appeal

Petitioner's claim that his proffer-session waiver was involuntary and unknowing was addressed and deemed meritless by the Second Circuit on direct appeal, Velez, 354 F. 3d at 198-99, and is therefore procedurally barred from collateral review under § 2255. See Frady, 456 U.S. at 165; Barton, 791 F. 2d at 267. The Second Circuit ruled that "[Petitioner's] explanation of his participation in the second proffer session fails to demonstrate that his consent to the terms of the proffer agreement was a product of coercion, rather than a normal consequence of his decision to participate in the proffer session—which defendant himself had requested." Velez, 354 F. 3d at 198. Petitioner does not raise the claim under any intervening change in the law. See United States v. Sanin, 252 F. 3d 79, 83 (2d Cir. 2001) (per curiam) (instructing that reconsideration of issues on collateral review that were already addressed on direct appeal is permitted only where there has been an intervening change in the law and the new law would have exonerated a petitioner had it been in force before the petitioner's conviction was affirmed on direct appeal). Because the Second Circuit has already addressed and rejected Petitioner's claim regarding his proffer-session waiver, "the chance to appeal has been waived or exhausted . . . [and the Court is] entitled to presume [that Petitioner] stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his claims in a federal forum." See Frady, 456 U.S. at 164.

### B. Petitioner's Remaining Ineffective-Assistance-of-Counsel Claims Fail on the Merits

Petitioner's remaining ineffective-assistance-of-counsel claims may be brought in his collateral proceeding under § 2255 regardless of whether they could have been raised or were raised on direct appeal. See Massaro v. United States, 538 U.S. 500, 509 (2003). Nevertheless, to succeed

on these claims and secure reversal of his conviction on the ground of inadequate legal representation, Petitioner must satisfy both prongs of the two-prong test from Strickland v. Washington, 466 U.S. 688 (1984). See Hill v. Lockhart, 474 U.S. 52, 58 (1985) (holding that "the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel").

To satisfy the first prong of the Strickland test, Petitioner must establish that his counsel's conduct fell below "an objective standard of reasonableness" under "prevailing professional norms." See Strickland, 466 U.S. at 688. Under the first prong, the Court "must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and be watchful 'to eliminate the distorting effects of hindsight.'" Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001) (quoting Strickland, 466 U.S. at 689).

To satisfy the second prong of the Strickland test, Petitioner must establish that his attorney's "deficient performance prejudiced the defense." See id. at 687 (noting that, to satisfy the second prong of the test, counsel's errors must have had such "an adverse effect on the defense . . . [that] but for counsel's unprofessional errors, the result of the proceeding would have been different"). The Second Circuit normally "requires some objective evidence other than defendant's assertions to establish prejudice." Pham v. United States, 317 F.3d 182, 182 (2d Cir. 2003).

Because both parts of the Strickland test must be satisfied for a petitioner to establish ineffective assistance of counsel, failure to satisfy one part of the test frees a district court from assessing whether the petitioner satisfied the other part of the test. Strickland, 466 U.S. at 699 (noting that a court need not "address both components of the [two-part Strickland] inquiry if the defendant makes an insufficient showing on one").

7

Each of the ineffective-assistance arguments made by Petitioner fails to meet the Strickland test. Petitioner specifically alleges that his trial counsel (1) jeopardized his rights under 18 U.S.C. § 3161 when he failed to "secure his consent" to Speedy Trial Act waivers; (2) failed to take advantage of court-granted discovery aids to fully investigate Petitioner's case, thereby depriving Petitioner of potentially exculpatory testimony and evidence; (3) failed to adequately represent Petitioner's interests at trial, including failing to secure Petitioner's consent to the stipulation of his prior felony conviction; and (4) failed to file post-trial motions. Petitioner further alleges (5) that his appellate counsel was ineffective for failing to raise all possible issues on direct appeal.

**1.    Petitioner's Argument Concerning the Speedy Trial Act is Meritless**

Petitioner's claim that his trial counsel provided ineffective assistance by failing to secure his consent to Speedy Trial Act waivers, thereby jeopardizing Petitioner's rights under 18 U.S.C. § 3161, does not satisfy the Strickland test. The Speedy Trial Act states that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Petitioner's trial counsel sought adjournments of time under the Speedy Trial Act so that Petitioner could continue negotiations with the Government. (See, e.g., Sept. 24, 2001 Order of Continuance (Eaton, M.J.); Oct. 24, 2001 Extension of Order of Continuance (Katz, M.J.).) Petitioner himself requested various proffer sessions with the Government, see Velez, 354 F.3d at 197, and the delay caused by those sessions contributed significantly to the need to exclude time under the Speedy Trial Act. Each extension of time was made in the interest of justice pursuant to 18 U.S.C. § 3161(h)(8). Petitioner's trial

counsel's conduct in consenting to exclusions of time under the Speedy Trial Act constituted reasonable professional assistance. Accordingly, Petitioner's claim that his trial counsel's conduct concerning the Speedy Trial Act fell below "an objective standard of reasonableness" is meritless. Because Petitioner has failed to satisfy the first prong of the Strickland test with respect to his Speedy Trial Act argument, the Court need not consider the second prong with respect to this argument.

2.     **Petitioner's Arguments Concerning Counsel's Pre-Trial Representation Fail**

Petitioner's claim that his trial counsel gave him ineffective assistance by failing to take advantage of court-granted discovery aids to fully investigate Petitioner's case does not satisfy the Strickland test. Petitioner alleges that his trial attorney's failure to subpoena the individual who called 911 and the two officers who first arrived on the scene (i.e., before the three officers that the Government later called as eye witnesses to testify on Petitioner's behalf) in an attempt to uncover potentially exculpatory testimony, and to properly investigate his case to uncover "a missing investigator's report" and other potentially exculpatory evidence, deprived Petitioner of effective assistance of counsel.

The choice whether or not to use the testimony of a particular witness is "virtually unchallengeable" under Strickland, see 466 U.S. at 690-91, even if that witness "might offer exculpatory evidence," United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997). Further, "the decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial," United States v. Nersesian, 824 F. 2d 1294, 1321 (2d Cir. 1987), and "failure to call a witness for tactical reasons of trial strategy does not satisfy the standard for ineffective assistance of counsel," United States v.

9

Eyman, 313 F.3d 741, 743 (2d Cir. 2002) (per curiam) (citations omitted).

The record is clear that Petitioner's defense counsel made many efforts to locate evidence and secure witnesses prior to trial on Petitioner's behalf, including hiring private investigators and requesting additional time during trial to allow Petitioner's witnesses and relatives to show up (although many did not). (See, e.g., July 19, 2002 Tr. at 14-15 (discussing trial counsel's hiring of private investigator to locate witnesses, request for fingerprint expert, and subpoenas to police department)). The Court specifically stated on the record during trial that there was "no reason to believe that there was a lack of sufficient inquiry" by trial counsel. Id. Because Petitioner has failed to establish that his counsels' pretrial conduct fell below an objective standard of reasonableness so as to satisfy the first prong of the Strickland test, the Court need not consider the second prong.

### 3. Petitioner's Arguments Concerning Counsel's Representation at Trial Fail

Petitioner's claim that his trial counsel gave him ineffective assistance by failing to adequately represent Petitioner's interests at trial does not satisfy the Strickland test. Petitioner specifically alleges that his trial counsel was ineffective for failing to request an in camera hearing, failing to request a "spoliation of the evidence" jury instruction, and failing to secure Petitioner's consent to the stipulation of his prior felony conviction at trial. But trial counsel's decisions regarding what hearings or jury instructions to request, and what to stipulate to at trial constituted reasonable trial strategy and therefore cannot support Petitioner's ineffective-assistance claim.

By the Strickland standard, "such decisions as to which arguments to stress, which witnesses to call, which motions to make, and which lines of inquiry to pursue, 'fall squarely within the ambit of trial strategy and, if reasonably made, cannot support an ineffective assistance claim.'" Elgabrowny v. United States, Nos. 93 Cr. 181 (MBM) & 01 Civ. 162, 2003 WL 22416167, at *7

10

(S.D.N.Y. Oct. 22, 2003) (quoting United States v. Smith, 198 F. 3d 377, 386 (2d Cir. 1999)); see also United States v. Best, 219 F. 3d 192, 202 (2d. Cir. 2000) (noting that action or omission by trial counsel that can be considered sound trial strategy simply does not constitute ineffective assistance under Strickland). There can be no question that trial counsel's decision to consent to the stipulation of Petitioner's prior felony conviction, rather than allow the Government to prove Petitioner's status as a convicted felon—an element of the 18 U.S.C. § 922(g)(1) offense (possession of a firearm after having been convicted of a felony) with which Petitioner was charged—was a reasonable exercise of professional judgment. To not have so stipulated could have led to the presentment of damaging details from Petitioner's criminal past to the jury, above and beyond the general stipulation that was presented; specifically, that Petitioner had in the past been convicted of a felony. Because Petitioner has failed to establish that the trial decisions that he criticizes fell below an objective standard of reasonableness so as to satisfy the first prong of the Strickland test, the Court need not consider the second prong.

### 4. Petitioner's Argument Concerning Counsel's Post-Trial Representation Fails

Petitioner claims that his trial counsel gave him ineffective assistance by failing to file post-trial motions. But Petitioner's trial counsel did file post-trial motions, including a Rule 29 motion at the close of the Government's case, which the Court denied at that time, and a Rule 33 motion for a new trial based upon the Rosen Affidavit (see supra Part II.A.1), which the Court denied on December 16, 2002. Petitioner's post-trial-motion ineffective-assistance argument is therefore completely meritless and does not satisfy the Strickland test.

### 5. Petitioner's Argument Concerning Counsel's Representation on Appeal Fails

Petitioner's claim that his appellate counsel gave him ineffective assistance by failing to raise various issues on direct appeal does not satisfy the Strickland test, which applies to claims of ineffective assistance of appellate counsel as well to claims of ineffective assistance of trial counsel. See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). Despite Petitioner's claims that his "[a]ppellate counsel threw to the side a goldmine of claims of error" (Pet. Reply at 2), an attorney "need not and should not simply make the arguments a client wishes to make . . . [and] mere differences in . . . strategy between a defendant and his lawyer do not give rise to a claim of ineffective assistance of counsel," Elgabrowny, 2003 WL 22416167, at *7, *9. This is of course true when the client's proposed arguments are frivolous, but appellate counsel is not even obligated to "make every non-frivolous argument that could have been made" on appeal. Id. (citing Mayo, 13 F.3d at 533). Petitioner simply cannot show that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker"—the standard for ineffective assistance of appellate counsel. See Mayo, 13 F.3d at 533. On appeal, Petitioner's counsel raised many issues, including the validity of waiver provisions and an ineffective-assistance-of-counsel claim, both of which were denied by the Second Circuit. See Velez, 354 F.3d 190. No claim in the instant petition proves stronger than any presented to the Second Circuit by Petitioner's appellate counsel. See Mayo, 13 F.3d at 533. Because Petitioner has failed to establish that his counsels' conduct fell below an objective standard of reasonableness so as to satisfy the first prong of the Strickland test, the Court need not consider the second prong of the inquiry.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion pursuant to § 2255 to vacate, set aside, or correct his sentence is **DENIED**. Further, because Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c); Slack v. McDonald, 529 U.S. 473, 484 (2000). The Clerk of the Court is directed to close the case and remove it from the Court's active docket.

**So Ordered**: New York, New York
July 10, 2006

*[signature]*

**Richard Conway Casey, U.S.D.J.**

is thus time barred.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion to correct his sentence pursuant to § 2255 is **DENIED**.

**So Ordered:** New York, New York
July 11, 2006

*Richard Conway*

**Richard Conway Casey, U.S.D.J.**